Timothy D. Speedy (Bar ID #002611989)
Eliza L. Lloyd (Bar ID# 111352014)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908)795-5200
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MAGGIE HANEY, | : | Civil Action No.: 3:21-cv-07213 |
| | : | |
| Plaintiff, | : | |
| | : | **RETURN DATE:** SEPTEMBER 7, 2021 |
| vs. | : | ORAL ARGUMENT REQUESTED |
| | : | |
| USA GYMNASTICS, INC. and MARK | : | |
| BUSBY; | : | |
| | : | |
| Defendants. | : | |

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

JACKSON LEWIS P.C.
200 Connell Drive
Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS

Of Counsel and on the brief:
 Timothy D. Seedy, Esq. (Bar ID #002611989)
 Eliza L. Lloyd, Esq. (Bar ID #111352014)

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ...................................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS ("SOF") ...............................2

LEGAL ARGUMENT...............................................................................6

POINT I ...............................................................................................6

COUNTS I AND II OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE "SPORTS ACT"......................................6

POINT II ..............................................................................................8

COUNT III OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS IT IS TIME BARRED...................................8

POINT III..............................................................................................11

IN THE ALTERNATIVE, THE COMPLAINT MUST BE DISMISSED WITH RESPECT TO DEFENDANT BUSBY FOR LACK OF PERSONAL JURISDICTION..................................11

A. This Court Lacks General Jurisdiction Over Mr. Busby .........................................12

B. This Court Lacks Specific Jurisdiction Over Mr. Busby .........................................15

POINT IV..............................................................................................17

ONLY IN THE ALTERNATIVE, AND ONLY IF THE COMPLAINT IS NOT DISMISSED IN ITS ENTIRETY, WITH PREJUDICE, THE COURT SHOULD ORDER PLAINTIFF TO FILE AN AMENDED COMPLAINT ..................................17

CONCLUSION........................................................................................19

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Chase v. Nordstrom, Inc., 2010 U.S. Dist. LEXIS 121523 (D. Md. Nov. 17, 2010) ...................11

Daimler AG v. Bauman, 571 U.S. 117 (2014)........................................................................13

Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408 (1984)..................................13

Imo Indus. v. Kiekert, AG, 155 F.3d 254 (3d Cir. 1998) ...........................................................11

Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984)...........................................................14

Levy v. Wells Fargo Advisors, LLC, 2016 U.S. Dist. LEXIS 144642 (E.D. Pa. Oct. 18, 2016) ................................................................................................................10, 11

Marten v. Godwin, 499 F.3d 290 (3d Cir. 2007) .........................................................................11

MoneyGram Payment Sys. v. Consorcio Oriental, S.A., 65 F. App'x. 844 (3d Cir. 2003) ........................................................................................................................................12

N.J. Bldg. Laborers Statewide Ben. Funds v. Nova Crete, Inc., 2020 U.S. Dist. LEXIS 191087 (D.N.J. Oct. 15, 2020) ................................................................................9

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312 (3d Cir. 2007).............................12, 15, 16, 17

Oorah, Inc. v. Schick, 2009 U.S. Dist. LEXIS 5475 (D.N.J. Jan 26, 2009) ...........................14, 16

Park v. Tsiavos, 165 F. Supp. 3d 191 (D.N.J. 2016), aff'd, 679 F. App'x 120 (3d Cir. 2017) ..................................................................................................................................13

Remick v. Manfredy, 238 F.3d 248 (3d Cir. 2001) ...............................................................15, 16

Rodin Props. v. Cushman & Wakefield of Pennsylvania, Inc., 49 F. Supp. 2d 709 (D.N.J. 1999).............................................................................................................................11

Seltzer v. I.C. Optics, Ltd., 339 F. Supp. 2d 601 (D.N.J. 2004)....................................................12

Smith v. S&S Dundalk Eng'g Works, Ltd., 139 F. Supp. 2d 610 (D.N.J. 2001) .........................12

U.S. Olympic Comm. v. Ruckman, 2010 U.S. Dist. LEXIS 52840 (D.N.J. May 28, 2010) ......................................................................................................................6, 7, 8

Walden v. Fiore, 571 U.S. 277 (2014).........................................................................................16

Webster v. A.T. Kearney, Inc., 507 F.3d 568 (7th Cir. 2007) ....................................................10

**Statutes**

9 U.S.C. § 12 ............................................................................................................2, 8, 11

36 U.S.C. § 220501 ..........................................................................................................6

36 U.S.C. § 220505(b)(9) ..............................................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 6 ..........................................................................................................9, 10

Fed. R. Civ. P. 8(a)(2) .......................................................................................................18

Fed. R. Civ. P. 8(b)(1) .......................................................................................................19

Fed. R. Civ. P. 8(b)(2) .......................................................................................................19

Fed. R. Civ. P. 8(b)(6) .......................................................................................................19

Fed. R. Civ. P. 9(f) .............................................................................................................19

Fed. R. Civ. P. 12(b)(2) ..................................................................................................1, 12

Fed. R. Civ. P. 12(b)(6) ..................................................................................................1, 19

Fed. R. Civ. P. 12(f) .............................................................................................................1

Fed. R. Civ. Proc. 4(d) ..............................................................................................2, 5, 9, 10

Fed R. Civ. Proc. 4(d)(1) ......................................................................................................9

## PRELIMINARY STATEMENT

Defendants USA GYMNASTICS, INC. and MARK BUSBY respectfully request that the Complaint filed by Plaintiff Maggie Haney be dismissed in its entirely, with prejudice, for failure to state any claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant Busby also moves this Court, in the alternative, to dismiss him personally due to a lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Finally, in the event this matter is not dismissed in its entirety, with prejudice, Defendants respectfully request that the Court order Plaintiff to file an amended Complaint that removes the existing impertinent and scandalous matter pursuant to Fed. R. Civ. P. 12(f).

The instant dispute concerns a member coach of USA Gymnastics who challenged a number of claims leveled against her.  Following a fair hearing process under the applicable Bylaws, policies, and procedures wherein the neutral, three-member Hearing Panel held twelve (12) days of hearing, the Hearing Panel concluded that Plaintiff should be suspended from membership in USA Gymnastics for a period of eight (8) years.  Plaintiff appealed to an arbitrator as the exclusive means to challenge the findings of a fair hearing.  The Arbitrator was selected by the American Arbitration Association and accepted by both parties.  The parties, through their counsel, then agreed to an appellate arbitration—that is, the submission of briefs and oral argument.

The Arbitrator's Award was issued on December 3, 2020 and delivered to each party that same day.  Plaintiff did not file any challenge to the Arbitrator's Award until the instant Complaint was filed on March 29, 2021—more than three months later—which included a "motion" to vacate the Arbitrator's Award. While Plaintiff sent the Summons and Complaint to counsel for USA Gymnastics on March 30, 2021 and asked if USA Gymnastics would accept

service, Plaintiff did not send the requisite waiver of service forms or fully comply with Fed. R. Civ. Proc. 4(d) until June 3, 2021.  Plaintiff next personally served Mr. Busby with the Complaint on June 5, 2021.  Thus, Plaintiff's attempt to vacate the Arbitrator's Award is time-barred and her *memorandum of law* masquerading as a Complaint is simply an ill-fated, third attempt to convince a fact-finder that she should not be disciplined based on the over-whelming evidence presented in the Fair Hearing and affirmed by the Arbitrator who adjusted the award pursuant to his authority.

As Plaintiff failed to file and serve notice of her motion to vacate in a timely manner pursuant to 9 U.S.C. § 12, Count III of the Complaint is time-barred and should be dismissed.  In addition, Plaintiff has no private right of action under the Ted Stevens Olympic and Amateur Sports Act.  Thus, Counts I and II of the Complaint must also be dismissed.

Accordingly, the Complaint must be dismissed, in its entirety, with prejudice.

## STATEMENT OF UNDISPUTED MATERIAL FACTS ("SOF")

1. Defendant USA Gymnastics, Inc. ("USA Gymnastics") is a Texas corporation with its principal place of business in Indianapolis, Indiana.  Dkt. No. 1, Complaint, ¶ 25.[1]

2. Defendant Mark Busby is a resident of the State of Indiana.  Declaration of Mark Busby, Esq., ¶ 2; Complaint, ¶ 26.  He is licensed to practice law in Indiana.  Busby Decl. at ¶ 3.

3. On June 4, 2019, Plaintiff received a *Misconduct Complaint* from USA Gymnastics alleging Emotional Misconduct and Physical Misconduct in violation of Bylaw 10 of the May 2018 *USAG Bylaws*, *USA Gymnastics Safe Sport Policy*, and the *SafeSport Code for the US Olympic and Paralympic Movement*.  See, Appellate Arbitration Award dated

---

[1] As used herein, "Dkt. No. __" refers to documents filed with this Court and appearing on the Civil Docket for Case #3:21-cv-07213-AET-LHG.

December 3, 2020 (hereinafter, "Arbitrator's Award"), attached to the Declaration of Timothy D. Speedy, Esq. as Exhibit A at p. 1.

4. On November 22, 2019, Plaintiff received the *Summary Allegations* from USA Gymnastics describing alleged misconduct by Plaintiff.  Id.

5. On December 9, 2019, Plaintiff received the *USA Gymnastics Safe Sport Investigation Report—Maggie Haney* providing summaries of interviews conducted by USAG in relation to its investigation of Plaintiff.  Id.

6. On January 18, 2020, Judie Saunders [attorney for some of the complainants at the Fair Hearing] made a report to USA Gymnastics and requested interim measures be implemented against Plaintiff.  Id.

7. On January 22, 2020, Russell Prince, Plaintiff's Counsel, responded to the request for interim measures and stated, among other things, that Plaintiff **"**categorically denies the allegations and insinuations.**"**  Id.

8. The Hearing Panel granted Ms. Saunder's request for interim measures.

9. On January 22, 2020, Mark Busby, counsel for USA Gymnastics, informed Russell Prince, counsel for Plaintiff, of the names of the individuals who would be sitting on the fair hearing panel ("Hearing Panel").  Id. at pp. 1-2.

10. On the same date, the Hearing Panel issued its *Notice of Procedural and Hearing Deadlines* and also issued its *Notice of Hearing Procedures* (undated).  Id. at p. 2.

11. The Hearing Panel held proceedings on February 3, 2020, February 5, 2020, February 17, 2020, February 18, 2020, February 24, 2020, February 25, 2020, March 2, 2020, March 4, 2020, March 9, 2020, March 10, 2020, March 12, 2020, and March 26, 2020 ("Fair Hearing").  Id.

12. During the twelve (12) day Fair Hearing, Plaintiff was represented by legal counsel.  Id.

13. During the Fair Hearing thousands of pages of records were submitted to the Hearing Panel and twenty-six (26) witnesses testified before the Hearing Panel, including Plaintiff.  Id.

14. On April 29, 2020, the Hearing Panel issued its *Decision on the Merits of the Complaint* ("Hearing Decision").  Id.

15. On May 12, 2020, Plaintiff submitted her *Commercial Arbitration Rules Demand for Arbitration* arguing, among other things, that the *Hearing Decision* of the Hearing Panel should be vacated.  Id.

16. On June 17, 2020, the Arbitrator was appointed.  Id.

17. On July 13, 2020, a preliminary hearing conference was conducted during which Plaintiff and USA Gymnastics agreed that this matter is an appeal of the findings of the Hearing Panel.  Id.

18. During the preliminary hearing, the parties agreed to present pre-hearing briefs pursuant to an agreed upon schedule of filing dates.  Id.

19. The parties further agreed to conduct the appellate argument on October 12, 2020 beginning at 10:00 a.m. CT.  Id.

20. During the preliminary hearing on July 13, 2020, the Parties confirmed there was no objection to the Arbitrator and no subsequent objection was filed or made.  Id.

21. On July 14, 2020, AAA issued the *Notice of Hearing* confirming the appellate hearing to be held on October 12, 2020 beginning at 10:00 a.m. CT.  Id.

22. The final hearing was held via Zoom videoconference on October 12, 2020 commencing at 10:00 p.m. CT and concluding at 12:20 p.m. CT.  Id.

23. During the hearing, Plaintiff appeared with her counsel, Steven Altman of Altman & Company, P.C.  Id.

24. At the conclusion of the hearing, the parties confirmed they were provided a full and fair opportunity to submit and argue necessary facts, allegations, and legal argument. Id. at pp. 2-3.

25. During, and at the conclusion of, the hearing no party or counsel filed an objection indicating additional time was necessary to present this matter fully and fairly for consideration.  Id. at p. 3.

26. On November 6, 2020, counsel for Haney submitted a media article for the Arbitrator's review, which was accepted.  Id.

27. On November 11, 2020, the AAA provided notice to the parties that the hearing closed as of November 6, 2020.  Id.

28. The Arbitrator's Award was issued December 3, 2020 via email notice from AAA.  This notice was addressed to Counsel for both parties.  (Speedy Decl., Exhibit B).

29. The Complaint was filed on March 29, 2021.  (Dkt. No. 1)

30. Plaintiff emailed a courtesy copy of the Summons and Complaint to counsel for USA Gymnastics on March 30, 2021.  (Speedy Decl., Exhibit C)

31. By email response on March 31, 2021, USA Gymnastics agreed to "waive service in accordance with FRCP 4(d)."  Counsel for USA Gymnastics requested that the waiver of service be sent to him, via email.  (Id.)

32. Two copies of the waiver of service form were sent to counsel for USA Gymnastics on June 3, 2021.  (Id.)

33. USA Gymnastics waived service of the Complaint on June 3, 2021.  (Dkt. No. 8)

34. USA Gymnastics time to respond to the Complaint is no later than August 2, 2021.

35. Defendant Mark Busby was personally served with the complaint on June 5, 2021 in his home state of Indiana.  (Busby Decl., ¶ 14)

36. By Order dated July 7, 2020 the time for Defendant Busby to respond to the complaint was extended until August 2, 2021.  (Dkt. No. 10)

37.   This motion to dismiss is timely filed with the Court.

## LEGAL ARGUMENT

### POINT I

### COUNTS I AND II OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE "SPORTS ACT"

Counts I and II of the Complaint seek relief pursuant to the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. § 220501, *et seq.* (the "Sports Act").  Count I seeks "Declaratory Judgment Under the Sports Act" and Count II seeks "Money Damages Under the Sports Act."  However, there is no private right of action under the Sports Act by its own terms and as confirmed by this, and other, Courts.

The Sports Act expressly states that no "provision of this chapter shall create a private right of action[.]"  36 U.S.C. § 220505(b)(9).  As a result, the U.S. District Court of New Jersey has concluded that the Sports Act does not create a private cause of action.  See U.S. Olympic Comm. v. Ruckman, 2010 U.S. Dist. LEXIS 52840, *17 (D.N.J. May 28, 2010)[2]("The Sports Act expressly provides that it does *not* create a private cause of action.")(emphasis in original)(citing 36 U.S.C. § 220505(b)(9); Shepherd v. U .S. Olympic Comm., 464 F. Supp. 2d 1072, 1087 (D. Colo. 2006)).  In reaching this decision, the District Court found that the broad

---

[2] A true and correct copy of the Ruckman decision is attached to the Speedy Decl. at Exhibit D.

language of 36 U.S.C. § 220505(b)(9)—that is, "neither this paragraph nor <u>any</u> <u>other</u> <u>provision</u> <u>of</u> <u>this</u> <u>chapter</u> shall create a private right of action under this chapter"—confirmed that Congress intended the private right of action bar to apply to actions "rooted in the Sports Act." <u>Id.</u> at *17-18 (emphasis added)(<u>citing</u> 36 U.S.C. § 220505(b)(9)).

The dismissal of the Complaint is supported by the repeated allegations that rely on or refer to provisions of the Sports Act and the USOPC's bylaws and code of conduct, as well as the fact that Plaintiff's suspension makes her ineligible to participate in amateur gymnastic competitions including the Olympics. (Complaint, Dkt. No. 1 at ¶ 1). Notably, paragraph 1 of the Complaint expressly alleges Defendants violated § 220529(a)(8) of the Sports Act and that the conclusions reached by the Hearing Panel and Arbitrator were inconsistent with § 220529(d) of the Sports Act. <u>See</u> Complaint, Dkt. No. 1, p. 1; <u>see also id.</u> at ¶¶ 4-5 (referencing the Sports Act and USOPC policy); ¶ 21 (citing the Sports Act as a basis for Plaintiff's right to a fair hearing of the charges against her); ¶ 27 (citing the Sports Act as the basis for subject matter jurisdiction in this Court); ¶¶ 51, 58 (alleging a "violation of the Sports Act"); ¶¶ 59-68 (relying on USOPC Bylaws and the Sports Act to allege a "violation of the Sports Act"); ¶¶ 69-71 (relying on USOPC Bylaws and the Sports Act to allege a "violation of the Sports Act"); and ¶ 77 (alleging the Sports Act was enacted to address National Governing Bodies ("NGBs") such as USA Gymnastics). Finally, Counts I and II expressly seek relief based on the Sports Act. (<u>Id.</u> at Counts I and II, pp. 52-54). Such reliance on the Sports Act to attempt to state a cause of action allows this Court to conclude that the Complaint is "rooted in" the Sports Act. Thus, Plaintiff has no private right of action to pursue claims under Counts I and II of the Complaint, which are barred by the Sports Act.

Indeed, as noted by Judge Wolfson, "[t]he Sports Act mandates that challenges against [NGBs] proceed through arbitration." <u>Ruckman</u>, 2010 U.S. Dist. LEXIS 52840, at *2 n.2 (<u>citing</u> 36 U.S.C. § 220509; <u>Devereaux v. Amateur Softball Ass'n of America</u>, 516 F. Supp. 618, 624-25 (S.D. Ohio 1991)(describing the Sports Act's mandatory exhaustion requirement)). Plaintiff has pursued her rights through arbitration and is unhappy with the Arbitrator's Award. Her sole remedy was to seek vacatur of that Award. But, as noted below, she failed to make a timely motion to vacate the Arbitrator's Award. There is simply no saving her time-barred challenge to the Arbitrator's Award. Plaintiff cannot now "appeal" the Arbitrator's Award by asserting violations of the Sports Act. Those complaints were fully adjudicated by the Hearing Panel and affirmed with some adjustment by the Arbitrator's Award. There simply is no private cause of action that exists under the Sports Act.

For the reasons set forth above, Counts I and II of the Complaint must be DISMISSED, in their entirety, with prejudice.

## POINT II

### COUNT III OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS IT IS TIME BARRED

The Federal Arbitration Act ("FAA") requires a party seeking to vacate an arbitration award to serve notice on the adverse party within three months from when the award was filed or delivered. 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.). Rule 6 of the Federal Rules of Civil Procedure governs the calculation of the

three-month deadline. <u>N.J. Bldg. Laborers Statewide Ben. Funds v. Nova Crete, Inc.</u>, 2020 U.S. Dist. LEXIS 191087, *1, 7-8 (D.N.J. Oct. 15, 2020).[3] <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 6 provides:

> When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays,
> Sundays, and legal holidays; and (C) include the last day of
> the period, but if the last day is a Saturday, Sunday, or legal
> holiday, the period continues to run until the end of the next
> day that is not a Saturday, Sunday, or legal holiday.

Here, the Arbitrator's Award was dated December 3, 2020. SOF ¶ 28. The award was delivered to the parties on December 3, 2020 via email from AAA. SOF ¶ 28; and, Speedy Decl., Ex. B. Thus, the time period to give notice of a motion to vacate the award began no later than Friday, December 4, 2020 and ended no later than Thursday, March 4, 2021, according to the three-step process of Rule 6. <u>See</u> <u>N.J. Bldg. Laborers</u>, 2020 U.S. Dist. LEXIS 191087, *8 (<u>citing</u> <u>Stevens v. Jiffy Lube Int'l, Inc.</u>, 911 F.3d 1249, 1252 (9th Cir. 2018)).

Plaintiff failed to serve Defendants with notice of her "motion" to vacate by no later than March 4, 2021. Indeed, Plaintiff did not file her Complaint until March 29, 2021. SOF ¶ 29 and Dkt. No. 1. Plaintiff further failed to meet the requirements of <u>Fed</u> <u>R</u>. <u>Civ</u>. <u>Proc</u>. 4(d) regarding waiving service until June 3, 2021 when Plaintiff finally sent the waiver of service form. SOF ¶ 32.

<u>Fed</u> <u>R</u>. <u>Civ</u>. <u>Proc</u>. 4(d)(1) requires that the notice and request to waive service **must:**

> A) be in writing and be addressed:
>
> > (i) to the individual defendant; or
> >
> > (ii) for a defendant subject to service under <u>Rule 4(h)</u>, to an officer, a managing or general agent, or

---

[3] A copy of the <u>N.J. Bldg. Laborers</u> decision is attached to the Speedy Decl. as Ex. E.

any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) **be accompanied by** a copy of the complaint, **2 copies of the waiver form appended to this Rule 4**, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(Emphasis added).

Here, Plaintiff sent a courtesy copy of the Summons and Complaint on March 30, 2021 and asked if counsel for USA Gymnastics would "accept service on behalf of USA Gymnastics, Inc." SOF ¶ 30. The next day, March 31, 2021, Counsel for USA Gymnastics responded by email dated March 31, 2021 that USA Gymnastics agrees "to waive service in accordance with FRCP 4(d)." SOF ¶ 31. It was not until June 3, 2021 that Plaintiff served to counsel for USA Gymnastics the required waiver of service form. SOF ¶ 32. USA Gymnastics waived service of the Complaint effective June 3, 2021. SOF ¶ 33. The Complaint was thereafter personally served on Defendant Busby on June 5, 2021. SOF ¶ 35.

Plaintiff's failure to properly file and serve notice of her "motion" to vacate within the mandatory three-month period renders dismissal appropriate. See, e.g., Webster v. A.T. Kearney, Inc., 507 F.3d 568, 572 (7th Cir. 2007)(noting that *service* of a motion to vacate, and not filing, is "the act that stops the three-month statute of limitations")(emphasis added); Levy v. Wells Fargo Advisors, LLC, 2016 U.S. Dist. LEXIS 144642, *7 (E.D. Pa. Oct. 18,

2016)[4]("[T]he [FAA] governs *service* of the timely filed motion upon the adverse party.")(emphasis added); Chase v. Nordstrom, Inc., 2010 U.S. Dist. LEXIS 121523, *6-7 (D. Md. Nov. 17, 2010)[5](denying plaintiff's motion to vacate arbitration award where motion filed on last day of limitations period and not served on adverse party until a month later).

Even if Plaintiff's mere act of filing the Complaint could satisfy the three-month statute of limitations, which it cannot based on the plain language of Section 12 of the FAA, Plaintiff did not file her request for vacatur (by way of her Complaint herein), until March 29, 2021, several weeks after the applicable deadline.  (SOF ¶¶ 28-33).

Because Plaintiff's Complaint seeking vacatur of the Arbitration Award is time-barred, Count III of the Complaint must be DISMISSED, in its entirety, with prejudice.

### POINT III

### IN THE ALTERNATIVE, THE COMPLAINT MUST BE DISMISSED WITH RESPECT TO DEFENDANT BUSBY FOR LACK OF PERSONAL JURISDICTION

Defendant Busby is a resident of the State of Indiana.  SOF ¶ 2.  This Court may assert personal jurisdiction over a non-resident defendant to the extent authorized by the laws of the State of New Jersey.  Marten v. Godwin, 499 F.3d 290 (3d Cir. 2007)(internal quotation marks omitted).  Because New Jersey's long-arm statute permits this Court to assert jurisdiction to the extent authorized under the Fourteenth Amendment to the United States Constitution, this Court must examine whether the assertion of jurisdiction violates the Constitutional limitations of due process.  See Imo Indus. v. Kiekert, AG, 155 F.3d 254, 259 (3d Cir. 1998); Rodin Props. v. Cushman & Wakefield of Pennsylvania, Inc., 49 F. Supp. 2d 709, 717 (D.N.J. 1999).

---

[4] A true and correct copy of the Levy decision is attached to the Speedy Decl. as Exhibit F.

[5] A true and correct copy of the Chase decision is attached to the Speedy Decl. as Exhibit G.

Accordingly, in New Jersey, this Court must ask "whether, under the Due Process Clause, the defendant has 'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

As set forth herein, Plaintiff cannot meet her burden to establish that this Court has personal jurisdiction over Mr. Busby.  See Seltzer v. I.C. Optics, Ltd., 339 F. Supp. 2d 601, 608 (D.N.J. 2004)("The Third Circuit has held that 'when a Defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper.'")(quoting Mellon Bank PSFC, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)); Smith v. S&S Dundalk Eng'g Works, Ltd., 139 F. Supp. 2d 610, 618 (D.N.J. 2001)("[T]he plaintiff must sustain its burden of proof 'through sworn affidavits or other competent evidence,' and not through bare pleadings alone."). Plaintiff's failure to establish personal jurisdiction over Mr. Busby renders dismissal of the Complaint against him appropriate, pursuant to Fed. R. Civ. P. 12(b)(2).

A. **This Court Lacks General Jurisdiction Over Mr. Busby**

As a preliminary matter, Plaintiff's Complaint is entirely silent as to whether this Court has general jurisdiction over Mr. Busby.  Nevertheless, this Court does not have general jurisdiction over Mr. Busby because he is not domiciled in New Jersey, and because his individual contacts with the state are neither continuous nor systematic.

General jurisdiction over non-forum related activities is proper when the defendant has maintained such continuous and systematic contacts with the forum state that the defendant is generally subject to the exercise of a court's jurisdiction there. MoneyGram

Payment Sys. v. Consorcio Oriental, S.A., 65 F. App'x. 844, 849 (3d Cir. 2003)(citing Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414-15 (1984)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" Daimler AG v. Bauman, 571 U.S. 117, 137 (2014)(citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely."). Id.; see also Park v. Tsiavos, 165 F. Supp. 3d 191, 199 (D.N.J. 2016), aff'd, 679 F. App'x 120 (3d Cir. 2017)(noting factors considered when determining an individual's domicile, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business") (citing  Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972) (internal quotation marks omitted)).

The only pertinent fact alleged in the Complaint relating to general jurisdiction is that Mr. Busby resides in Indiana. (Dkt. No. 1, Complaint at ¶ 26). Consequently, the "paradigm bas[is] for general jurisdiction" is not present here.  Daimler, 571 U.S. at 137.  His personal residence aside, Mr. Busby has not maintained continuous and systematic contacts with New Jersey such that he could reasonably anticipate being sued in in this State for *any* reason.  See Helicopteros, 466 U.S. at 416.  Mr. Busby is not licensed to practice law in New Jersey, and he has only passed through New Jersey a handful of times while traveling to a destination other than New Jersey.  See Declaration of Mark Busby ("Busby Decl."), at ¶¶ 3, 5, 6 and 11-12.   Mr. Busby can only recall one business trip to the State of New Jersey and solely in his role as in-house Counsel with USA Gymnastics.  Busby Decl. at ¶¶ 9-12.

Additionally, Third Circuit precedent has made clear that "'jurisdiction over . . . [individual] defendants does not exist simply because they are agents or employees of

organizations which presumably are amenable to jurisdiction in' a particular forum." <u>Oorah, Inc.</u> <u>v. Schick</u>, 2009 U.S. Dist. LEXIS 5475, *1, 23 (D.N.J. Jan 26, 2009)[6](alteration in original)(citations omitted); <u>see</u> <u>also</u> <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 781 n.13 (1984)(noting that although "employees who act in their official capacity are [not] shielded from suit in their individual capacity[,] . . . jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him").  Instead, "each defendant's contacts with the forum state must be assessed individually." <u>Keeton</u>, 465 U.S. at 781 n.13.

In <u>Oorah</u>, the plaintiff argued that the district court had general jurisdiction over an individual defendant because of his position as the President of the corporate defendants. <u>Oorah</u>, 2009 U.S. Dist. LEXIS 5475, at *23. The court acknowledged that "a person generally acting as an agent on behalf of a corporation is not individually subject to personal jurisdiction merely based on his actions in a corporate capacity." <u>Id.</u>  The court then held that the plaintiff had failed to make a *prima facie* showing that the individual defendant had contacts with New Jersey, aside from those made in his capacity as corporate officer.  <u>Id.</u>  Specifically, the court concluded it lacked general jurisdiction over the defendant because he "only visits New Jersey twice a year in his capacity as the president.  He is not involved in any other business activities in New Jersey, and he does not maintain an office or bank accounts, or own property in New Jersey." <u>Id.</u>  The same can be said of Mr. Busby.  <u>See</u>, <u>generally</u>, Busby Decl. at ¶¶ 5-10, and 12-13.

Plaintiff's Complaint likewise does not make a *prima facie* showing that Mr. Busby has sufficient (or any) contacts with the State of New Jersey.  Similar to the individual defendant in <u>Oorah</u>, Mr. Busby is not involved in any business activities in New Jersey, does not

---

[6] A true and correct copy of the <u>Oorah</u> decision is attached to the Speedy Decl. as Exhibit H.

maintain an office, bank account, or property in New Jersey, is not licensed to practice law in New Jersey, and did not even come into New Jersey to represent USA Gymnastics in the Fair Hearing.  Id.  Thus, based on an individualized assessment of Mr. Busby's lack of any contacts with New Jersey, this Court should dismiss the Complaint as against Mr. Busby for lack of general jurisdiction.

### B.  This Court Lacks Specific Jurisdiction over Mr. Busby

While Plaintiff's Complaint is also silent as to whether this Court has specific jurisdiction over Mr. Busby, it is evident Mr. Busby: (1) did not purposefully direct his activities at/in New Jersey; and (2) Plaintiff's purported claims arise out of Mr. Busby's alleged conduct during a hearing that took place virtually and while Mr. Busby was located in Indiana.

The Third Circuit conducts a three-prong inquiry to determine whether a defendant has minimum contacts sufficient to satisfy due process: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) the plaintiff's claims "must arise out of or relate to at least one of those [specific] activities"; **and**, if the first two requirements are met, (3) the exercise of jurisdiction must otherwise comport with "fair play and substantial justice." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007)(internal citations and quotations omitted).  Additionally, a specific jurisdiction analysis is necessarily claim-specific. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001); but see O'Connor, 496 F.3d at 318 n.3 (finding a claim-specific analysis unnecessary when there are factually overlapping claims).

The threshold inquiry for a specific jurisdiction determination is whether a defendant has purposefully directed his/its activities at the forum state, or "purposefully availed itself of the privilege of conducting activities within the forum."  O'Connor, 496 F.3d at 317 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958).  The Third Circuit has clarified that

"what is necessary is a deliberate targeting of the forum. Thus, the 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient." Id. (quoting Hanson, 357 U.S. at 253); see also Walden v. Fiore, 571 U.S. 277, 278 (2014) (requiring analysis of contacts between the defendants and the forum, not contacts between the plaintiff and the forum, or between the plaintiff and the defendants).

       With respect to contract cases such as the case at bar, "courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." Oorah, 2009 U.S. Dist. LEXIS 5475, at *12 (internal citations omitted). Although "[specific] jurisdiction can arise . . . from a nonresident defendant's contract with a forum resident," "informational communications in furtherance of a contract between a resident and a nonresident does **not** establish the purposeful activity necessary for a valid assertion of personal jurisdiction over the nonresident defendant.'" Remick, 238 F.3d at 25-6 (emphasis added)(citing Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 152 (3d Cir. 1996).

       Here, Mr. Busby has not purposefully availed himself of the benefits of conducting activities in New Jersey, and Plaintiff's Complaint does not allege that Mr. Busby has made any contacts with New Jersey that would justify this Court's exercise of specific jurisdiction over him. Plaintiff's Complaint furthermore does not allege any facts regarding the existence of a contract between Mr. Busby and Plaintiff, from which specific jurisdiction could arise. Instead, Plaintiff merely claims that Mr. Busby violated USAG's Bylaws and the Sports Act through his alleged conduct as counsel for USA Gymnastics before and during the Fair Hearing, which subsequently led to the December 3, 2020 Arbitration Award. However, all of

Mr. Busby's alleged conduct before and during the USAG hearing occurred in Indiana, where he resides and works.  Busby Decl., ¶ 13.

Thus, this Court does not have specific jurisdiction over Mr. Busby because the first and second prongs of the Third Circuit's three-prong test for specific jurisdiction are not satisfied. Without the satisfaction of the first two prongs, the third prong is not reached. O'Connor, 496 F.3d at 317.  But, even if the first two prongs were satisfied, this Court's exercise of specific jurisdiction would not comport with notions of fair play and substantial justice because of the significant burden that would be placed on Mr. Busby, the interest of Indiana courts in resolving the dispute, and the interests of several states in preventing forum shopping.

Because Plaintiff cannot establish either general or specific jurisdiction over Mr. Busby, Plaintiff's Complaint must be DISMISSED as to him, in its entirety, with prejudice.  This request is made only in the event the Complaint is not dismissed in its entirety against both Defendants.

### POINT IV

### ONLY IN THE ALTERNATIVE, AND ONLY IF THE COMPLAINT IS NOT DISMISSED IN ITS ENTIRETY, WITH PREJUDICE, THE COURT SHOULD ORDER PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff's Complaint should be dismissed with prejudice for failure to state any claim upon which relief can be granted as it asserts claims under a statute that grants no private right of action and she untimely attempts to vacate an Arbitration Award.  In the event this Court determines that any Count of Plaintiff's Complaint can survive dismissal, which Defendants respectfully submit it should not, Plaintiff should be required to amend her Complaint to remove all impertinent, immaterial, and scandalous allegations contained therein.

Plaintiff has filed a 56-page Complaint consisting of 137 separately numbered paragraphs and 3 counts.   Count I of the Complaint appears on page 52 and contains 5 paragraphs; Count II appears on page 54 and sets out 4 numbered paragraphs; and Count III also appears on page 54, with 5 numbered paragraphs.   The section of the Complaint entitled "Facts" is 40 pages long and consists of 101 numbered paragraphs, together with reproductions of social media posts (Twitter, Facebook, Instagram), articles, links to other publications or web-based articles, and lengthy quotations of emails.   The Complaint even contains a full page setting out a Table of Contents.   See, Dkt. No. 1, Complaint at p. 10.

While the Complaint contains additional improper, impertinent, or scandalous matter, it is abundantly clear that Plaintiff cannot argue that the Complaint is a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"   Fed. R. Civ. P. 8(a)(2). Rather, Plaintiff has presented the equivalent of a memorandum of law better suited for a motion hearing and not a complaint setting out a short, plain statement of her claims.   The allegations of the Complaint are replete with legal argument, language commonplace to oral argument or an opening or closing statement at trial, evidentiary arguments, and even a discussion of the government investigation of former Sen. Ted Stevens, now deceased.

Plaintiff's Complaint improperly sets out arguments made to the Hearing Panel and Arbitrator as allegations of 'fact.'   For example, rather than reproducing the contents of emails purportedly supporting Plaintiff and which encompass nearly eight (8) pages of the Complaint (see Dkt., No. 1, Complaint at ¶¶ 83-92), a short plain statement would consist of a single paragraph alleging that there are at least eight (8) witness statements in support of Plaintiff that were sent to Defendants.   Rather than comply with federal rules regarding pleadings, and the mandate of FRCP 8(d)(1) that "each allegation must be simple, concise, and direct,"   Plaintiff

presents a memorandum of law that cannot possibly be answered by an admission or denial or other "short and plain" statement in response.

Indeed, Defendants are obligated to "state in short and plain terms its defenses to each claim asserted" and "admit or deny the allegations asserted against it[.]" Fed. R. Civ. P. 8(b)(1).  Importantly, any denial "must fairly respond to the substance of the allegation[s]." Fed. R. Civ. P. 8(b)(2).  Given the breadth of the existing Complaint, Defendants would be forced to file a competing *memorandum of law in opposition* rather than risk the possibility that an allegation will inadvertently not be fully denied, thus deemed admitted.  Fed. R. Civ. P. 8(b)(6).

Thus, should this Honorable Court not dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), then pursuant to Fed. R. Civ. P. 9(f) Defendants respectfully request that Plaintiff be ordered to file an amended Complaint removing "any redundant, immaterial, impertinent, or scandalous matter" and presenting a short and plain statement of her claim, using simple and concise allegations.

## CONCLUSION

For the compelling reasons set forth herein, Defendants respectfully request that the Court grant the instant motion and issue an Order that Plaintiff's Complaint is DISMISSED in its entirety, with prejudice.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

By:    /s/ *Timothy D. Speedy*
       Timothy D. Speedy
       ATTORNEYS FOR DEFENDANTS

Dated:  August 2, 2021
4813-7898-7507, v. 3

19