NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAGGIE HANEY, | |
| Plaintiff, | Civ. No. 21-07213 |
| v. | OPINION |
| USA GYMNASTICS, INC., and MARK BUSBY, | |
| Defendants. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss (ECF No. 12-1) filed by Defendants USA Gymnastics Inc. ("USA Gymnastics") and Defendant Mark Busby ("Busby") (collectively, "Defendants"). The Court decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' Motion is GRANTED.

## BACKGROUND

Plaintiff Maggie Haney ("Haney" or "Plaintiff") brings this case under the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. § 220501, *et seq.* ("the Sports Act") and the Federal Arbitration Act, 9 U.S.C. § 10, *et seq.* ("FAA"). The following facts are taken from the Plaintiff's Complaint and accepted as true for the purpose of deciding of this Motion.

Haney is a gymnastics coach. (Compl. ¶ 24, ECF No. 1.) Haney described herself as being "at the top of her profession" in 2016. (*Id*. ¶ 31.) At that time, she coached a successful team known as "MG Elite" and trained a medalist in the 2016 Olympic Games. (*Id*. ¶¶ 31–32)

1

Given this successful track record, "families from all across the country [] wanted to move to New Jersey to train under her tutelage." (*Id.* ¶ 31.) According to Haney, her team members "were happy and there was no drama." (*Id.*)

At some point prior to June 2019, multiple athletes accused Haney of verbal and emotional misconduct. (*Id.* ¶¶ 4, 48–49, 111.) USA Gymnastics initiated disciplinary proceedings against Haney. (*Id.* ¶ 47.) On June 4, 2019, she received a misconduct complaint notice from USA Gymnastics. (*Id.*) On November 22, 2019, USA Gymnastics issued a "Summary of Allegations" against Haney, which alleged that Haney violated provisions of the SafeSport Code and the USA Gymnastics Code of Ethical Conduct with respect to seven unnamed athletes. (*Id.* ¶ 48.) On December 9, 2019, USA Gymnastics provided Haney with an investigation report, which summarized its investigation of the claims and identified seven claimants (the "claimants"). (*Id.* ¶ 49.) Haney has vehemently denied these claims. (*Id.* ¶ 4.)

On January 22, 2020, USA Gymnastics sent Haney a "Notice of Procedural and Hearing Deadlines." (*Id.* ¶ 57.) The notice informed Haney that USA Gymnastics had convened a hearing panel ("the panel") to consider evidence of misconduct and determine Haney's eligibility to be a member of USA Gymnastics. (*Id.* ¶ 106.) The notice also included a "pre-hearing discovery deadline" of January 25, 2020. (*Id.*) Haney alleges that USA Gymnastics did not comply with this deadline and failed to provided Haney with any of the evidence to be considered at the hearing. (*Id.* ¶ 58.)

USA Gymnastics scheduled an initial hearing for February 3, 2020. (*Id.* ¶ 51.) Before the hearing, the panel suspended Haney on an interim basis based on exhibits from a lawyer representing the claimants. (*Id.* ¶¶ 72–73.) The panel denied Haney the opportunity to present numerous witnesses prior to the imposition of this interim suspension. (*Id.* ¶¶ 97–104.)

The panel met twelve times to consider further evidence and testimony. (*Id.* ¶ 105.) Haney alleges that Defendants committed numerous procedural errors during the hearings and that the panel was not impartial. (*Id.* ¶ 118.) She also claims that Defendant Busby, who served as legal counsel to USA Gymnastics at the hearing, suppressed exculpatory evidence. (*Id.* ¶¶ 13, 51.) Busby told the hearing panel that the hearing was "not a due process scenario" because USA Gymnastics is not a government actor. (*Id.* ¶ 67.) Rather, he stated that the hearing was "a fair process scenario and [] constitutional matter[s] such as confrontation and cross-examination are not inherent in this process beyond what's in [USA Gymnastics'] bylaws." (*Id.*)

On April 29, 2020, the panel suspended Haney for eight years. (*Id.* ¶ 16.) As required under the USA Gymnastics Bylaws, Haney appealed the decision to a single arbitrator, alleging numerous substantive and procedural errors. (*Id.*) On December 3, 2020, the arbitrator issued a decision. (*Id.* ¶ 17.) The arbitrator concurred with most of the hearing panel's findings but found that USA Gymnastics failed to provide proper notice of allegations related to four athletes. (*Id.*) The arbitrator reduced the suspension period from eight years down to five years. (*Id.*)

On February 10, 2021, USA Gymnastics brought new charges against Haney for an alleged breach of a confidentiality agreement. (*Id.* ¶ 120.)

Haney filed this Complaint on March 29, 2021. (ECF No. 1.) In Count I, Haney seeks "Declaratory Judgment Under the Sports Act" that Defendants violated the Sports Act and the USA Gymnastics Bylaws. (*Id.* ¶¶ 124–128.) In Count II, Haney requests money damages under the Sports Act. (*Id.* ¶¶ 129–132.) In Count III, Haney asks this Court to vacate the December 3, 2020, arbitration decision "to the extent it did not entirely void the underlying April 29, 2020, hearing panel decision." (*Id.* ¶¶ 129–132.)

Defendants USA Gymnastics and Busby filed this Motion to Dismiss on August 2, 2021. ("Mot.", ECF No. 12-1.) Haney opposed. ("Opp'n", ECF No. 17.) Defendants replied on October 1, 2021. ("Reply", ECF No. 18.)

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement [to] relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Defendants Busby and USA Gymnastics move to dismiss Haney's Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In the alternative, Defendant Busby asks the Court to dismiss the claims against him for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Finally, in the event the Complaint is not dismissed,

Defendants request that the Court order Plaintiff to file an amended complaint. Fed. R. Civ. P. 12(f). Because the Court grants Defendants' 12(b)(6) motion, the Court need not address Defendants' other arguments.

I.  **The Sports Act (Counts I and II)**

In Counts I and II, Plaintiff sues for declaratory judgment and monetary damages under the Sports Act. Plaintiff argues that Defendants ignored USA Gymnastics' own rules and the Sports Act. (Compl. ¶¶ 126, 130.) Defendants move to dismiss these claims, arguing that the Sports Act does not create a private right of action in this case. (Mot. at 6.)

The Sports Act, enacted in 1978, created the United States Olympic Committee ("USOC"). For each Olympic sport, the Sports Act allows the USOC to recognize one national governing body. 36 U.S.C. § 220521(a). USA Gymnastics is the national governing body for Olympic gymnastics. As such, USA Gymnastics conducts amateur athletic competitions in the United States and determines eligibility standards for participation in those competitions. 36 U.S.C. § 220523(a)(5). USOC governing bodies have exclusive jurisdiction when it comes to eligibility determinations. *See Walker v. USA Swimming, Inc.*, 2017 WL 782970, at *4 (M.D. Tenn. Mar. 1, 2017) (collecting cases). This jurisdiction extends to the eligibility of coaches as well as athletes. *Id*. The Sports Act expressly states that its provisions do not create a private cause of action. *See* 36 U.S.C. § 220505(b)(9); *U.S. Olympic Comm. v. Ruckman*, 2010 WL 2179527, at *6 (D.N.J. May 28, 2010). Rather, the Sports Act mandates that challenges against national governing bodies must proceed through arbitration. *See* 36 U.S.C. § 220509; *Ruckman*, 2010 WL 2179527, at *1 n.2.

Courts have established "one small exception" to this rule. *Slaney v. The Int'l Amateur Athletic Fed'n*, 224 F.3d 580, 595 (7th Cir. 2001). Federal court intervention under the Sports

Act is appropriate only in "the most extraordinary of circumstances," where "the association has clearly breached its own rules, that breach will imminently result in *serious* and irreparable harm to the plaintiff, and the plaintiff has exhausted all internal remedies." *Harding v. United States Figure Skating Association*, 851 F.Supp. 1476, 1479 (D. Or. 1994) *vacated on other grounds*, 879 F.Supp. 1053 (D. Or. 1995) (emphasis in original). In such cases, injunctive relief is limited to correcting the breach of the rules. *Id.* The court should not intervene in the merits of the underlying dispute. *Id.*

This exception applies only in extraordinary circumstances. In *Harding*, for example, the plaintiff requested additional time to prepare for a disciplinary hearing. *Id*. at 1478. She argued that the United States Figure Skating Association's bylaws required a hearing date that was "reasonably convenient for all parties." *Id.* The court intervened and granted her request for additional time because the plaintiff could not possibly prepare a defense to the charges against her in the time allotted. *Id*. at 1479. The plaintiff needed more time to prepare because:

> [H]olding the hearing on March 10 would have caused plaintiff to suffer irreparable harm. In order to maintain her right to contest the decision of the Hearing Panel, plaintiff would have been obliged to appear before the panel and prematurely present her defense without having adequate time to prepare for that hearing. If the Hearing Panel found her guilty as charged, the resultant publicity could have severely prejudiced her chances for a fair trial in any future criminal case. Plaintiff would also have been obliged to decide upon and publicly disclose a defense strategy for both the civil and criminal matters before she had time to conduct full discovery and interview witnesses. Finally, the entire testimony, including information that has heretofore not been made public, would inevitably have been leaked to the media, despite defendant's best intentions to maintain the confidentiality of the proceedings, thereby further poisoning plaintiff's chance of obtaining a fair trial in the criminal proceeding. Under the circumstances, plaintiff's attorneys might well have advised their client not to attend the hearing. In that case, plaintiff would likely have forfeited any right to contest the results of the hearing. Her failure to contest the charges would have also resulted in her being found guilty in the court of public opinion.

*Id*. Critically, the court stated that "in most cases [post-hearing arbitration] would have been sufficient to protect [the plaintiff's] interests." *Id*. at 1480. However, the court found that "the circus atmosphere generated by an international media frenzy" made post-hearing arbitration an inadequate solution in that case. *Id*.

Haney's case does not fit into this "one small exception." *Slaney*, 224 F.3d at 595. Unlike the plaintiff in *Harding*, Haney has already litigated her claims at a hearing and then appealed those claims to an arbitrator. Haney now seeks re-litigation of claims already addressed in arbitration through a separate civil action for declaratory judgment and money damages. The exception recognized in *Harding* does not extend to what Haney seeks. *Harding* described a narrow exception that allows courts to provide "limited" injunctive relief in "the most extraordinary of scenarios" when arbitration is not possible. *Harding*, 851 F.Supp. at 1479–80. Haney's post-arbitration request for declaratory judgment and monetary damages goes far beyond the limited exception explicated in *Harding*. Thus, the general rule applies here. The Sports Act cannot serve as the basis for a private lawsuit under these circumstances.

Haney's arguments to the contrary are unpersuasive. She cites *Walker v. USA Swimming, Inc.*, 2017 WL 782970 (M.D. Tenn. 2018) for the proposition that the Sports Act provides a private right of action in her case. (Opp'n at 8–9.) In *Walker*, the Defendant sought review of an arbitrator's decision under the FAA. *Id*. Because the FAA does not create any independent federal-question jurisdiction, the plaintiff in *Walker* needed another federal law basis to justify the district court's review of the arbitration decision. *Id*. at *3. Citing to *Harding*, the *Walker* court found it had jurisdiction to review an arbitrator's decision under the FAA because the underlying dispute accused a Sports Act organization of violating its own rules. *Id*. at *4. The *Walker* decision stemmed from a sensible principle—a federal law that mandates arbitration

7

should not make that arbitration unreviewable in federal court. *Id*. at *5. However, *Walker* did not hold that a plaintiff may maintain an independent cause of action for declaratory judgment or monetary damages under the Sports Act. Rather, *Walker* (1) reaffirmed that federal courts can issue injunctive relief under the Sports Act in exceptional cases; and (2) found jurisdiction to review arbitration mandated by the Sports Act under the FAA. *Id.* at *4. While the Court recognizes that it may review the arbitration decision in this case under the FAA, *see* Part II *infra*, the Court must dismiss Haney's attempt to sue under the Sports Act in Counts I and II.

In sum, the Court grants Defendants' motion to dismiss Plaintiff's Counts I and II because there is no private right of action under the Sports Act for declaratory relief or money damages.

## II.     Plaintiff's Request to Vacate the Arbitration Award (Count III)

Defendants move to dismiss Plaintiff's Count III, which requests "Vacatur of the Arbitrator's Award under the FAA." (Compl. ¶ 133.) The FAA requires that a party seeking to vacate an arbitration award serve notice on the adverse party within three months from when the award was filed or delivered. 9 U.S.C. § 12. Haney missed the deadline by twenty-six days. The arbitrator issued a decision on December 3, 2020. (*Id*. ¶ 17.) Haney filed this Complaint on March 29, 2021. (ECF No. 1.) Defendants argue that this failure mandates dismissal. (Mot. at 9.)

Haney admits she missed the deadline to challenge the arbitration decision and requests that the Court equitably toll the three-month period to permit her to pursue Count III. (Opp'n at 14.) Equitable tolling is appropriate in three circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Komosa v. U.S. Postal*

*Serv.*, 764 F. App'x 189, 192 (3d Cir. 2019). Haney argues that the second prong applies. (Opp'n at 17.) According to Haney, she was prevented from filing this lawsuit because USA Gymnastics brought other charges against her in February 2021, and she was forced to address those charges during the limitation period. (*Id.*)

The Court does not accept this argument. Equitable tolling must be invoked "sparingly," and "[t]he plaintiff who fails to exercise ... reasonable diligence may lose the benefit" of the doctrine. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (collecting cases). The Court declines to toll the relevant deadline here.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 12.)

Date: <u>March 29, 2022</u>                                            <u>/s/ Anne E. Thompson</u>
                                                                                          ANNE E. THOMPSON, U.S.D.J.